{¶ 97} For the following reasons, I respectfully concur in part and dissent in part from the majority.
 {¶ 98} As to appellant's first assignment of error, the determination of the barn as separate property by the trial court is not supported by sufficient, traceable evidence to overcome the presumption of marital property when there is no supporting documentation or other evidence than the self-serving statement of the person asserting the right to separate property. This is patently sufficient to trace the connection between the monies received by Kondik in his personal injury action and his investment in his barn.
 {¶ 99} Furthermore, the value of the barn has been calculated into the total price of the entire farm. The majority acknowledges that the party claiming treatment of property as separate property has the burden of proof in establishing not only that the property is separate, but also adds the additional requirement of its "traceability" so that it continues to be separate property. See R.C. 3105.171. The traceability prong needs function to be conclusive and requires some objective proof, i.e., a paper trail, bank accounts, documents, or supporting testimony of an objective third party. *Page 19 
 {¶ 100} The self-serving, non-specific, statement of the person asserting the separateness of the property is legally insufficient without some supporting evidence to prove the traceability prong of the presumption. The majority goes down a slippery path in holding that traceability is established based upon self-serving, non-specific, statements without documentation or other supporting evidence. The holding of the majority shifts the burden from the presumption of marital property to separate property without proving traceability. The majority in its opinion erases the presumption and burden shifting required in the statute by deleting the requirements for traceability.
 {¶ 101} As to the valuation of the farm, the trial court built in an arbitrary number based upon Dr. Kondik's evaluation to devalue the property from its original appraisal. This is an erroneous value. The trial court executed its authority by guessing the future value of the property and calculated when it could be sold four years in the future, calculating it as of the current date of the divorce. This was clearly an abuse of discretion. The value of property may be the value as of the date of the divorce. This was comparing apples and oranges in valuation and was clearly arbitrary. The parties assume responsibility for the loss or increase in value once the property is divided.
 {¶ 102} As to the issue of the Mercedes, the majority has "instructed on remand, the trial court * * * make an express finding of misconduct by Mrs. Kondik to support its award of the Mercedes to Dr. Kondik." Clearly, under an abuse of discretion standard, appellate courts should not remand cases and order the trial court to make specific factual findings when the trial court had not found those facts based upon evidence at the original hearing. *Page 20 
 {¶ 103} This court should not be directing the trial court to make findings of misconduct, if it did not find misconduct. The trial court, under the majority's decision, is mandated to find misconduct. The trial court must come to its own conclusion. An appellate court can only modify, reverse, remand, or affirm final orders of the trial court. Appellate courts' authority flows from Section 3(B)(2), Article IV, of the Ohio Constitution which provides, in part, that appellate courts have original jurisdiction as provided by law in any cause on review to review and to affirm, modify, or reverse judgments or final orders of lower courts. R.C. 2501.02 grants appellate courts jurisdiction in addition to the original jurisdiction conferred by Section 3(B), Article IV, of the Ohio Constitution to review questions of law. "Questions of law" was further defined in R.C. 2505.01. Appellate courts have concluded that they were given the right of review of the total case, which encompasses the determination of whether the facts warranted the trial court's judgment. Mast v. Doctors Hosp. N. (Dec. 9, 1975), 10th Dist. No. 75AP-81, 1975 Ohio App. LEXIS 7936, at 3.
 {¶ 104} The trial court did not find marital misconduct, and we cannot presume that it did. We can only find error in that it did not. We cannot determine the factual findings as they are not in the record.
 {¶ 105} In regard to the issue of support, I concur that the record is insufficient to support a spousal support award, and concur with the remand for a new trial on the issue.
 {¶ 106} For these reasons, I respectfully concur in part and dissent in part. *Page 1